IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY LEE CHAMBERS, #270 079 | ) |
| | ) |
|    Plaintiff, | ) |
| | )  CASE NO. 2:11-cv-25-ID |
| v. | ) |
| | )      (WO) |
| STATE OF ALABAMA, | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **O R D E R**

This cause is presently before the Court on Plaintiff's motion for a temporary restraining order. (Doc. #12). For the following reasons, the Court finds that the Plaintiff's motion is due to be denied.

### **I. Legal Standard**

A temporary restraining order is an "extraordinary and drastic remedy[.]" *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). The factors to be considered in determining whether a temporary restraining order should be granted are: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Injunctive

1

relief will not issue unless the alleged misconduct is imminent and no other relief or compensation is available. *See Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). Ultimately, the decision to grant or deny a temporary restraining order is within the "sound discretion of the district court." *Sierra Club v. Georgia Power Co.*, 180 F.3d 1309, 1310 (11th Cir. 1999) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).

## II. Discussion

The Court first considers whether the Plaintiff has proven a substantial likelihood of success on the merits. In his motion, the Plaintiff requests a restraining order with respect to three officers at the Easterling Correctional Facility in Clio, Alabama. The Plaintiff claims to be aware of plans and threats against him in retaliation for the lawsuit he filed. Having thoroughly reviewed the Plaintiff's motion, and in light of applicable federal law, the Court concludes that the Plaintiff has failed to carry his burden and that the requested temporary restraining order should not issue. Specifically, the Plaintiff's belief that prison officers will retaliate against him for his lawsuit is insufficient to demonstrate a constitutional violation. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations are not an adequate substitute for claims of specific, present harm or threat of a specific, future harm).

The Plaintiff also fails to demonstrate that he will suffer irreparable injury unless the temporary restraining order is granted. The Plaintiff has made no allegations of any imminent harm and has made no allegations of any impending harm that could not be remedied by a lawsuit in federal court. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Additionally, the Plaintiff has not shown that the threatened injury outweighs any harm that the temporary restraining order would cause to the non-moving party.  Lastly, the Plaintiff has not shown that the issuance of an injunction would serve the public interest.

### III.  Conclusion

In light of the foregoing, it is ORDERED that the Plaintiff's motion for a temporary restraining order (Doc. #12) be and the same is hereby DENIED.

Done this the 22nd day of February, 2011.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE